## In re Sale of Fourth Ward School

*Carl A. Belin, Jr.*, for Rowles.
*F. Denning Gearhart*, for Cebular.
*Michael P. Yeager*, for School District.

REILLY, *P.J.*, October 16, 1979—This matter arises out of the attempt of the Clearfield Area School District to dispose of real estate by sealed bids. The facts of the matter are well set forth in previous pleadings and the court's initial

memorandum and order. The matter is now before this court for disposition on an action for declaratory judgment filed on behalf of one of the bidders, Theodore Rowles and Lois Rowles, his wife, in which they demand that the sale to John Cebular be set aside and the school district directed to commence anew its efforts to dispose of the subject property for the reason that the provisions of the Act of March 10, 1949, P.L. 30, art. VII, §707, as amended, 24 P.S. §7-707, have not been complied with.

Specifically, the Rowles claim that subsection 2 of the above-cited act requires the initial motion or resolution to set forth the terms and conditions of the sale and that, in the instant proceedings, the initial motion or resolution did not do so. This court agrees. The section in question reads as follows: "(2) Upon sealed bids requested by the school board, notice of the request for sealed bids to be given as provided in clause (1) of this section. Terms and conditions of sale shall be fixed by the board in the motion or resolution authorizing the request for sealed bids." The school board in its minutes of January 22, 1979, in an apparent attempt to satisfy the requirements thereof, passed the following resolution: "Mr. Rhine moved, seconded by Mr. Hubler, to approve the sale of the Fourth Ward property (zoned as residential, unused by the district, and a clear title) as per the same specifications for advertisement as the Covington Township property. A roll call vote indicated all members voting 'yes' and the motion carried unanimously."

This resolution fails to meet the statutory requirements, in that the terms and conditions of the sale are not fixed therein and it omits any instruction as to whether the sale shall be by sealed bid, the

time limitations as to when the bids may be received, the manner of payment, the amount of down payment required, terms for closing, etc. In view of this and in light of judicial interpretation of the wording of this section as being mandatory and requiring that the terms and conditions be included in the initial resolution, this court agrees with the opinion in Rumpf v. Pine Grove Area School District, 68 Schuyl. 152 (1972), and enters the following

### ORDER

Now, October 16, 1979, following hearing into the above-captioned proceedings for declaratory judgment, it is the order of this court that the sale of the Fourth Ward School property by the Clearfield Area School District be and is hereby declared void, all bids rejected, and the matter referred back to said school district with the direction that should said school district still desire to dispose of said property by sale, the provisions of the statute set forth above shall be followed.